United States District Court
Southern District of New York

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 11-7-11

---

ABDUL RAUF,

                Petitioner,        11 Civ. 7755 (JGK)

  - against -                    MEMORANDUM OPINION AND
                                               ORDER OF SERVICE

CHRISTOPHER SHANAHAN, ET AL.

                Respondents.

---

JOHN G. KOELTL, District Judge:

    The Clerk of this Court is directed to serve, by certified mail return receipt requested, a copy of this Order, together with a copy of the petition, on the United States Attorney for the Southern District of New York (the Government), who shall answer or move with respect to the petition for habeas corpus within **twenty (20) days** of the date of receipt of this Order.

    The petitioner's time to reply to the Government's response shall be **twenty (20) days** after receipt of the Government's response.

    The Court notes that the petitioner has not yet paid the required five dollar ($5) filing fee in this case, or applied to waive the fee and proceed in forma pauperis.[1] The petitioner is

---

[1] The petitioner has filed a Motion to Appoint Counsel pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A. The statute allows district courts, in their discretion, to appoint counsel to "financially eligible" habeas petitioners if "the court determines that the interests of justice so require," 18 U.S.C.

directed, within **ten (10) days** after receipt of this Order, either (a) to remit such payment to the Cashier's Office, U.S. District Court, S.D.N.Y., 500 Pearl Street, New York, New York, 10007, or, (b) to apply to proceed in forma pauperis. The Court has appended a copy of the Request to Proceed in Forma Pauperis form to this Order.

**SO ORDERED.**

Dated:   New York, New York
         November 4, 2011

                                    _____
                                    John G. Koeltl
                                    United States District Judge

---

§ 3006A(a)(2)(B), and it applies to immigration petitions brought under 28 U.S.C. § 2241. See Lawrence v. I.N.S., 00 Civ. 2154, 2000 WL 1864040, at *3 (S.D.N.Y. 2000) ("[T]he express language of Section 3006A clearly authorizes the appointment of CJA counsel . . . in cases brought under 28 U.S.C. § 2241") (denying motion to vacate appointment of CJA counsel for immigration petitioner); see also Duran v. Reno, 193 F.3d 82, 84-85 (2d Cir.), vacated as moot, 197 F.3d 63, 63 (2d Cir. 1999) (immigration petitioner's "request for counsel falls squarely within the unambiguous meaning of the [Criminal Justice Act]"). However, the petitioner here has failed to submit any affidavit showing that he is a "financially eligible person." § 3006A(a)(2). The Court cannot consider whether or not "the interests of justice . . . require" the appointment of counsel in this case unless the petitioner establishes that he is a "financially eligible person." Id.

**11 CIV. 7755**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
---------------------------------------------------------X

| | |
|---|---|
| Petitioner, Abdul **RAUF**, | PETITION FOR A. WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C § 2241 |
| -against- | |
| Christopher **SHANAHAN**, Field Office Director for the Office of Detention and Removal Operations for U.S. Immigration and Customs Enforcement, New York, NY; Wayne **MULLER**, Assistant Field Office Director for the Office of Detention and Removal Operations; Janet **NAPOLITANO**, Secretary of Homeland Security; Eric **HOLDER**, Attorney General of the United States; Robert J. **BIGGOT**, warden of Bergen county Jail. | Case No. A-046 969 877 |

---------------------------------------------------------X

## VERIFIED PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C § 2241 COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Petitioner- Plaintiff Abdul Rauf, Pro Se petitioner, hereby petitions this court for a writ of Habeas Corpus to remedy petitioner's unlawful detention and seek preliminary injunctions declaring and challenging the constitutionality of the mandatory detention under statute 8 U.S.C. § 1231(a)(6); immigration and Naturalization Act INA 241(a)(6) as applied to Petitioner, where the substantive and procedural due process are violated.

Hereto, although I am personally familiar with all of the facts and statements hereinafter made; I am a layman- person, none skilled in this matters of the Law and seek this court's indulgence for errors, defects, and faults, pursuant to sections 103 (3) and 2101 (f) of the civil practice Law and Rules.

It is well established that the submission of a *pro-se* litigant must be construed liberally and interpret "to raise the strongest argument that they suggest." *Pabon* 459, F 3d. at 248 (emphasis added)(quoting Burgos, 14 F 3d at 790); *See also Brownell v. Krom,* 446 F 3d 305, 310(2d Cir. 2006); *Forsyth v. Fed'n Employment & Guidance Serv.*, 409 F 3d 565, 569(2d Cir. 2005); *Sharpe v. Canole,* 386 f3d 482, 484( 2d Cir. 2004); *Wright v. Comm'r,,* 381 F 3d 41, 42(2d Cir. 2004); *Jorgenson v. Epic/Sony Records,* 351 F 3d. 46, 50(2d Cir. 2003); *Bennett v. Goord,* 343 F 3d. 133, 137(2d Cir. 2003); *Weixel v .New*

1

*York City Bd. Of Educ.*, 287 F 3d. 138, 145-46(2d Cir. 2002); *Cruz v. Gomez*, 202 F 3d. 593, 597 (2d Cir. 2000); *McPherson v. Coombe*, 174 F 3d. 276, 280 (2d Cir. 1999); *Graham. V. Henderson*, 89 F 3d. 75, 79(2d Cir. 1996). *See Triestman v. Federal Bureau of Prisons*, 470 F 3d. 471, 474 (2d Cir. 2003)

This policy of liberally construing *pro-se* submissions is driven by the understanding that "[i]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro-se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Traguth v. Zuck*, 710 F 2d. 90, 95 (2d Cir. 1983); *See also Ruotolo v. I.R.S.*, 28 F 3d. 6, 8 (2d Cir. 1994)(recognizing that *pro-se* litigants must be accorded "special solicitude"). *See generally* Jonathan D. Rosenbloom, *Exploring Methods to Improve Management and Fairness in* Pro-Se *Cases: a study of the* Pro-Se *Docket in the Southern District of New York*, 30 FORDHAM URB. L.J. 305, 380 (2002) ("in this times of ever increasing legal costs and complexity of litigation, the *pro-se* litigant is at an insurmountable disadvantage."). *See Triestman v. Federal Bureau of Prisons*, 470 F 3d. 471, 475 (2d Cir. 2003)

Petitioner alleges the following:

## INTRODUCTION

1. This habeas corpus action challenges the detention and subjection to mandatory detention by the Bureau of Immigration and Customs Enforcement (BICE) of Petitioner-Abdul Rauf. The Petitioners detention stemmed out of from his release upon the completion a criminal, which took place on April 5, 2011, at which point the Department proceeds and detains the Petitioner.

2. Petitioner was in removal proceeding and deported in 2008 and was released on supervision from the custody of the Department of Homeland Security, as stipulated in *Zadvydas Id.* 690, 701, The Court found that presumptively reasonable limit for the post-removal-period detention is six months

3. Under 8 USCS 1231(a)(6), the United States Attorney General is authorized to further detain an alien, who has been found to be unlawfully present in the United States,

2

beyond a 90-day statutory removal period during which the government ordinarily secures an alien's removal.

4. If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this Act, and the alien shall be removed under the prior order at any time after the reentry.

5. This Court, however, need not—and should not—reach the serious constitutional question posed by Petitioner's detention. Rather, principals of constitution avoidance require this Court to construe the immigration statute as not authorizing Petitioner's continued detention at least in the absence of a constitutionally adequate custody hearing.

6. Petitioner respectfully requests this Court to issue the writ of habeas corpus and order Petitioner's release under reasonable conditions of supervision or, in the alternative, a hearing before an impartial adjudicator, at which the Respondent's bear the burden of establishing that this continued detention is justified.

7. Pursuant to 28 U.S.C § 2243, and as set forth in an application filed herein, Petitioner also requests that the Court immediately or the respondents to show cause why the writ of habeas corpus should not be granted. Petitioner requests further that the Court set a hearing on this matter within five days of the respondents' return on the order to show cause.

## CUSTODY

8. Petitioner is in physical custody of Respondents and U.S. Immigration and Custom Enforcement ("ICE"). Petitioner is detained at the Bergen County Jail in New Jersey, which the New York Field Office is contracting to house Immigration detainees. Petitioner is under the direct control of Respondents and their agents.

## JURISDICTION

9. This action arises under the constitution of the United States of America, and the Immigration and Nationality Act ("INA") 8 U.S.C. § 1101 et seq: as amended by the

3

Illegal Immigration Reform and Immigration Responsibility Act 1996 ("IIRIRA"), Pub. L.No. 104-208, 110 Stat.1570, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq.

10. This Court has jurisdiction under 28 U.S.C. § I § 9, cl. 2 of the United States Constitution ("Suspension Clause"); ("The privilege of the Writ of Habeas Corpus shall not be suspended, unless went in Cases of Rebellion or Invasion the public Safety may require it.") and 28 U.S.C. § 1331, as Petitioner is presently in custody under color of the authority of the United States, and such custody is in violation of the constitution, Laws, and treaties of the United States.

11. The APA, the declaratory judgment Act, 28 U.S.C. § 2201 et sep., and the All Writs Act, 28 U.S.C. 1361. This Court has jurisdiction to review Petitioners unlawful detention claims. This Court may grant relief pursuant to 28 U.S.C. § 2241, 5 U.S.C. § 702 and All Writ Acts, 28 U.S.C. § 1651.

12. Petitioner has exhusted any and all administrative remedies to the extent require by law.While the courts of appeals have jurisdiction to review removal orders directly through petitions to review, *see* 8 U.S.C § 1252(a)(1),(b), the federal district courts have jurisdiction under 28 U.S.C. § 2243 to hear claims by non-citizen challenging the unlawfulness or constitutionality of their detention by ICE. *See, e.g., Demore v. Kim*, 538 U.S. 510, 516-17(2003) Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

13. Under 28 U.S.C.S. 2241(a), writs of habeas corpus may be granted by various federal courts or judges "within their respective jurisdictions." Also, (1) 28 U.S.C.S. 2242 in effect refers to the respondent to a 2241 petition as "the person who has custody"; and (2) 28 U.S.C.S. 2243 refers to "the person having custody." *Rumsfeld v. Padilla*, 542 U.S. 426, 434, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004)

14. United States district courts have jurisdiction to hear and determine petitions for writs of habeas corpus seeking review of a final decision regarding alien deportation, but the scope of that jurisdiction is limited to review of "purely legal statutory and constitutional claims." *Nganga v. District Director, Cleveland United States Immigration and Customs Enforcement*, 2010 U.S. Dist. LEXIS 73348, 2010 WL 2891564, *2 (N. D. Ohio 2010) (*citing Calcano-Martinez v. Immigration and Naturalization Services (INS)*, 232 F.3d 328, 342 (2nd Cir.2000), *aff'd*, 533 U.S. 348, 121 S. Ct. 2268, 2270, 150 L. Ed.

4

2d 392 (2001)). The district court's power to grant a writ of habeas corpus extends to a prisoner who is in custody under color of the authority of the United States. 28 U.S.C. 2243 (Thomson Reuters 2011). Therefore, a court has jurisdiction over a habeas corpus petition only if it has personal jurisdiction over the petitioner's custodian. *Roman v. Ashcroft*, 340 F.3d 314, 319 -321 (6th Cir. 2003) (*citing Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 93 S. Ct. 1123, 1129, 35 L. Ed. 2d 443 (1973)). To evaluate jurisdiction, a court therefore must first identify the petitioner's custodian and then determine whether it has personal jurisdiction over that custodian. *Id.*

15. The question of who is 'the custodian,' and therefore the appropriate respondent in a habeas suit, depends primarily on who has power over the petitioner and . . . on the convenience of the parties and the court. *Id.* (*citing Henderson v. INS*, 157 F.3d 106, 122 (2nd Cir. 1998), *cert. denied*, 526 U.S. 1004, 119 S. Ct. 1141, 143 L. Ed. 2d 209 (1999)). As a general rule, a petitioner should name as a respondent to his or her habeas corpus petition "the individual having day-to-day control over the facility in which [the alien] is being detained." *Id.* (*citing Vasquez v. Reno*, 233 F.3d 688, 696 (1st Cir. 2000), *cert. denied*, 534 U.S. 816, 122 S. Ct. 43, 151 L. Ed. 2d 15 (2001)). This is known as the "immediate custodian rule" because it recognizes only the petitioner's "immediate" or "direct" custodian as the "person having custody" over him or her under Section 2243. *Id.* at 319-320. Pursuant to the immediate custodian rule, a prisoner filing a habeas corpus petition should generally name as a respondent the warden of the prison where he is confined. *Id.* (*citing Vasquez*, 233 F.3d at 691). Courts have deemed these immediate custodians proper respondents to habeas corpus petitions as a "practical" matter "based on common sense administration of justice." *Id.* (*citing Sanders v. Bennett*, 148 F.2d 19, 20, 80 U.S. App. D.C. 32 (D. C. Cir.1945)). Similarly a detained alien filing a habeas corpus petition should generally name as a respondent the person exercising daily control over his or her affairs. *Id.* Courts have said that a detained alien's immediate custodian is either the warden of the facility where the alien is detained or the INS District Director of the district where a detention facility is located has the power over alien habeas corpus petitioners. *Id.*

16. Here, Petitioner is detained at the Bergen County Jail, a New Jersey jail, not an INS detention facility. Under the immediate custodian rule, the Warden in the county

5

where the jail operates exercises daily control over the affairs of all persons detained in the jail. Therefore the Robert J. Biggot Warden of Bergen County Jail is not the Respondent, for habeas corpus purpose, and is not a proper party to this litigation. Moreover Petitioner's immediate custodian for habeas corpus purposes is Christopher Shanahan who is the New York Field Office Director for ICE. As such he is responsible for the immediate custody of Petitioner.

### VENUE

17. Pursuant to *Braden V. 30th judicial Circuit of Kentucky*, 410U.S. 484, 493-500 1973), venue lies in the United States District court for the Southern District of New York as this is the Judicial District in which Petitioner's immediate custodian for habeas corpus purposes is Christopher Shanahan who is the New York Field Office Director for ICE. As such he is responsible for the immediate custody of Petitioner who is currently incarcerated in the Bergen County Jail, Hackensack, New Jersey, and the warden is not the proper party to this litigation

### PARTIES

18. Petitioner – Abdul Rauf is a native and citizen of the Pakistan. He is being held in detention at the Department of Homeland Security detention facility in Bergen County Jail, Hackensack, New Jersey.

19. Respondent – Christopher SHANAHAN, Field Office Director for the Office of Detention and Removal Operations for U.S. Immigration and Customs Enforcement at 201 Varick Street, New York, NY., , with the duty of administration and enforcement of all the functions, powers and duties of BICE. As such she has the responsibilities for the immediate custody of Petitioner. 28 U.S.C.S. § 2243 refers to "the person having custody."

20. Respondent – Wayne MULLER, Assistant Field Office Director for the Office of Detention and Removal Operations, with the duty of administration and enforcement of all the functions, powers and duties of BICE. As such she has the responsibilities for the

6

immediate custody of Petitioner. 28 U.S.C.S. § 2243 refers to "the person having custody."

21. Respondent – Janet Napolitano Secretary of the United States Department of Homeland Security as such, she is the United States Attorney Generals designate, with the duty of administration and enforcement of all the functions, powers and duties of BICE. As such she has the responsibilities for the immediate custody of Petitioner. 28 U.S.C.S. § 2243 refers to "the person having custody."

22. Respondent- Eric H. Holder is the Attorney General of the United States and the responsible for the administration of ICE and the implementation and enforcement of the Immigration and Naturalization Act (INA). As such, Eric H. Holder has ultimate custodial authority over Petitioner. 28 U.S.C.S. § 2243 refers to "the person having custody."

23. Respondent- Robert J. Biggot is the warden of Bergen County Jail and also the custodial authority over Petitioner.

## LEGAL FRAMEWORK

Statutory Framework Governing Immigration Detention

24. 8 U.S.C § 1226, governs the detention of a non-citizen "pending a decision" as to removal. In contrast, 8 U.S.C § 1231, governs detention of alien order removed." 8 U.S.C § 1231.

25. "An alien ordered removed (1) who is inadmissible . . . (2) [or] removable [as a result of violations of status requirements or entry conditions, violations of criminal law, or reasons of security or foreign policy] or (3) who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to [certain] terms of supervision . . . ." 8 U.S.C. 1231(a)(6).

7

## CLAIM FOR RELIEF
CAUSE OF ACTION

Violation of Immigration and Nationality Act-Mandatory Detention of a Non-Citizen Who is taken into Immigration Custody.

The forgoing allegation are realleged and incorporated herein.

26. 8 U.S.C § 1231(a)(6)., the statute under which Petitioner is detained, provides that the United States Attorney General is authorized to further detain an alien, who has been found to be unlawfully present in the United States, beyond a 90-day statutory removal period during which the government ordinarily secures an alien's removal.

27. Because Petitioner was taken into custody on April 5, 2011, after being released from the completion of his criminal sentence, Petitioner was placed in ICE detention, consequently the Department could effect the removal of the Petitioner to the Pakistan

28. The Department of Homeland Security (ICE) submitted a travel documents presentation to the Pakistani consulate in New York City. Ice has been working closely with the consulate General of Pakistan to procure travel documents in behalf of Petitioner. The Department was not successful in 2002 nor where they successful 2011.

29. Petitioner has demonstrated that he has made reasonable efforts to comply with the order of removal and has cooperated with the Departments efforts to remove Petitioner taking whatever actions were required and requested of him to effect his removal.

30. On April 19, Petitioner was interviewed by the Pakistani consulate at Bergen County Jail, and complying to the best of his ability with the entire questions asked by the consulate official.

31. On October 4, 2011 Petitioner was not removed to his country, and the Department failed to obtain the travel documents for Petitioner.

32. Petitioner's jurisdiction of the custody of his case was to be transferred to the Headquarters Case Management Unit (HQCMU) on October 4, 2011, where a final determination will be made regarding the detention.

33. Related Immigration and Naturalization Service (INS) regulations add that the INS District Director will initially review the alien's records to decide whether further detention or release under supervision is warranted after the 90-day removal period expires. 8 C.F.R. § 241.4(c)(1), (h), (k)(1)(i), which was made on July 4, 2011

34. The decision was to detain, then a Department panel reviewed the matter further, at the expiration of a 3-month period thereafter. 241.4(k)(2)(ii).

35. The panel decided, on the basis of records and without a personal interview, for still further detention rather than a release under supervision. 241.4(i), the panel determined that petitioner would remain in custody for an additional period of three months.

36. In *Jackson v. Indiana*, 406 U.S. 715, 32 L. Ed. 2d 435, 92 S. Ct. 1845 (1972), where detention's goal is no longer practically attainable, detention no longer "bears [a] reasonable relation to the purpose for which the individual [was] committed." Id. at 738.

37. The Ninth Circuit held that the Government was required to release Ma from detention because there was no reasonable likelihood of his removal in the foreseeable future. *Kim Ho Ma v. Reno*, 208 F.3d 815 (2000).

38. In both *Zadvydas v. Davis*, No. 99-7791, and *Ashcroft v. Ma*, No. 00-38, a "careful description" of the substantive right claimed, *Reno v. Flores*, 507 U.S. 292, 302, 123 L. Ed. 2d 1, 113 S. Ct. 1439 (1993), suffices categorically to refute its existence. A criminal alien under final order of removal who allegedly will not be accepted by any other country in the reasonably foreseeable future claims a constitutional right of supervised release into the United States.

39. In *Zadvydas v. Davis*, the Supreme Court concluded that the indefinite detention of deportable aliens (e.g., aliens who where admitted into the U. S., and thereafter committed an immigration violation that cause them to be come removable) would raise significant due process concern.

40. The Court interpreted the applicable immigration statute governing the removal of deportable aliens as only permitting the detention following an order of removal for so long as is "reasonably necessary to bring about the removal that alien's from the United States. It does not permit indefinite detention." See *Zadvydas v. Davis*, 533 U.S. 678 (2001)

9

41. The Court found that presumptively reasonable limit for the post-removal-period detention is six months, but indicates that continued detention may be warranted when the policy is limited to specifically dangerous individuals and strong procedural are in place. *Id.* 690, 701

42. Subsequently the Supreme Court ruled that aliens who have been deemed inadmissible (i.e., arriving aliens who have not been granted legal entry, as well as those aliens who have been "paroled" into the country by immigration authorities) also could not be indefinitely detained, but the Court's holding was based on statutory construction of the applicable immigration law, and it did not consider whether such aliens where owed the same protection as aliens who have been legally admitted into the United States. *See Clark v. Martinez*, 543 U.S. 371 (2005)

43. It is more important to note, however, that despite rejecting the practice of the indefinite detention, the *Zadvydas* Court nevertheless suggested that the continued detention of particular aliens past the statutory period of removal ma be warranted in limited cases where the alien was "especially dangerous." *Zadvydas*, 533 U.S. at 690-691

44. Though the Court only specifically mentioned mental illness as a special circumstance perhaps warranting indefinite detention *See id* at 690, it appears that aliens detained on security or related grounds, such as terrorist, might be also considered "specially dangerous" and warranted indefinite detention as well, and which is not the case at bar *Id.* at 690

45. After six-months detention period, which the *Zadvydas* court found to be presumably reasonable, an alien's request for release from detention, accompanied by evidence that his removal would otherwise be effected in the reasonable foreseeable future may be reviewed by the DHS's Bureau of Immigration & Customs Enforcement (ICE), 8 C.F.R. § § 241.13-14.

46. The Department of Homeland Security regulations permit the continued detention of certain classes of aliens on the account of special circumstances, including, *inter alia*, any alien who is detain in the account of (1) serious adverse foreign policy consequence of release; (2) security or terrorism concerns; or (3) being considered specially dangerous due to having committed one or more crimes of violence and having a mental condition

making it likely that the alien will commit acts of violence in the future. 8 C.F.R. § 241.14

## CONSTITUTIONAL FRAMEWORK

All persons, including Petitioner, residing in the United States are protected by the Due Process Clause of the Fifth Amendment to the United States Constitution. *See Zadvydas v. Davis*, 533 U.S. 678, 693 (2001); *Plyler v. Doe*, 457 U.S. 202, 210 (1982). The Due Process Clause of the Fifth Amendment provides that [n]o person shall be deprived of life, liberty, or property, without due process of law. U.S. Const., Amend. v. Freedom from imprisonment from government custody, detention, or other forms of physical restraint lies at the heart of the liberty that Clause protects. *Zadvydas*, 533 U.S. at 690. This protection extends also to an alien subject to a final order of removal. *Id.* at 693-94. Detention by BICE puts at risk an individuals protected liberty interest. *Id.* at 680, 690.

## SUBSTANTIVE DUE PROCESS

The substantive due process requirement of the Fifth Amendment prohibits the government from subjecting persons to preventative detention for a potentially indefinite period. *See United States v. Salerno*, 481 U.S. 739, 746 (1987). Furthermore, civil detention must be narrowly drawn to serve a legitimate and compelling governmental interest, such as ensuring that detainees if released will not present a danger to the community or abscond from future immigration proceedings. *See Zadvydas*, 533 U.S. at 690-91; *Salerno*, 481 U.S. at 747.

In civil cases involving potentially indefinite detention, thus, Petitioner's mere status as removable, which bears no relationship to his dangerousness, is not a sufficient basis to justify indefinite detention. Similarly, where removal is, at most, a remote possibility, prevention of flight is a weak or non-existent justification for continued detention.

The substantive component of the due process forbids the government from infringing in any way certain fundamental liberty interest, no matter the process provided, unless the infringing is narrowly tailored to a compelling state interest. *Reno v. Flores*, 507 U.S. at 301-302; *United States v. Salermo*, 481 U.S. at 749.

Moreover, substantive due process prevents the government from engaging in conduct that shocks the conscience, or interferes with rights 'implicit in the concept of ordered liberty.

## PROCEDURAL DUE PROCESS

The Fifth Amendment requires that, before depriving a person of his liberty, the government allow that person to be heard at a meaningful time and in a meaningful manner. *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976). The determination of whether particular government conduct violates this procedural due process balances (1) the private interest affected by the official action; (2) the risk of erroneous deprivation of the interest and value (if any) of additional or substitute procedural safeguards; and (3) the governments interest, including the burden that additional or substitute procedural requirements would impose. *Id.* at 335. To conform to the requirements of due process, such a hearing must take place before an independent and impartial adjudicator. *Id.* at 334-35. A determination by a BICE District Director to detain an alien indefinitely pending removal is insufficient to satisfy due process. *See Ekekhor v. Aljets*, 979 F. Supp. 640, 644 (N.D. Ill. 1997).

The Fifth Amendment guarantees that no person shall be deprived of liberty without due process of law. This due process guarantees has a substantive component that forbids the government from infringing upon certain "fundamental" liberty at all, no matter what process is provided. Substantive due process "prevents the government from engaging in conduct that shocks the conscience ... or interface with rights implicit in the concept of order of liberty". The Eighth amendment this traditional right to freedom although the right to bail not to be a constitutional imperative, the "right to bail is a fundament of liberty.

Also The Fifth Amendment as well as the Fourteen Amendment, protects every one of these persons from depravation of life, liberty, or property without due process. Indeed, "freedom from imprisonment – from government custody, detention, or other form of physical restrain—lies at the heart of the liberty that the clause protects.

The private interest at stake here, the right to be free of detention of indefinite duration pending a bail determination, is "without question, a weighty one" *Landon v. Plasencia,* 459 U.S. at 34. Indeed, freedom from confinement is a liberty interest of the highest constitutional import. *St. John v. McElroy,* 917 F. Supp. 243, 250 (S.D.N.Y. 1996). The "government's regulatory interest in community safety can, in appropriate circumstances, outweigh an individual's liberty interest" *Salermo,* 481 U.S. at 748. This is not such a circumstance. Unlike the situation presented in *Salermo,* the Government has not proved that petitioner presents an identified and articulable threat to an individual or the community so as to justify his continued detention without any judicial review of the need for a bail determination.

## PRAYER FOR RELIEF

The Petitioner Herein Respectfully Requests The Following Relief:

1. That this Court issue a Writ of Habeas Corpus directing the Respondents to bring the Petitioner to this Court at a time to be specified and explain why the Petitioner should not be released from custody immediately;

2. That this Court issue a declaratory judgment stating that Petitioner is eligible to be released and that Department of Homeland Security's interpretation of the Immigration and Nationality Act is arbitrary and capricious, an erroneous interpretation of law.

3. That this Court order that Petitioner be released immediately from Department of Homeland Security custody either without bond or with bond in a reasonable amount to be determined by this Court;

4. In the alternative that a bond hearing be held immediately before an immigration judge.

**WHEREFORE,** it is respectfully requested and prays this Court will fully consider the above argument in support of Respondent position.

Dated: October 18, 2011
Hackensack, New Jersey

Respectfully submitted,

*ABDUL-RAUF*
Abdul Rauf/Pro-se
Bergen County Jail
160 South River Street
Hackensack, N.J. 07601

## AFFIDAVIT OF SERVICE

**STATE OF NEW JERSEY** )
                        ) SS.:
**COUNTY OF BERGEN**    )

    **Abdul Rauf,** being duly sworn, deposes and says that no notary being available, he declares under Title 28 U.S.C. § 1746 (Unsworn declaration) that on October 18, 2011, he mailed a copy of the enclose Order to Show Cause, Appointment of Counsel and Petition Pursuant 28 U.S.C § 2241 , **RAUF V. SHANAHAN** No. A-046 969 877 upon the following:

**Christopher Shanahan**
Field Director
U.S Immigration & Custom Enforcement
26 Federal plaza
New York, NY. 10278

**Wayne Muller**
Assistant Field Director
U.S Immigration & Custom Enforcement
26 Federal plaza
New York, NY. 10278

**Jannet Napolitano**
Secretary
U.S. Department of Homeland Security
Washington, DC 20528

**Eric H. Holder, Jr**
U.S. Attorney general
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington. DC 20530

**Clerk of the Court**
United States District Court
For the Southern District of New York
500 Pearl Street
New York, N.Y 10007-1312

**Robert J. Bigott**
Warden Bergen County Jail
160 South River Street
Hackensack, NJ 07601

By depositing a true and exact copy to the Bergen County Jail official, and bearing sufficient postage to cover the cost of mailing.

                                                                *ABDUL- RAUF*
                                                                Abdul Rauf / Petitioner

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

-against-

_____

_____

_____
*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

___ Civ. _____ (___) (___)

**REQUEST TO PROCEED**
***IN FORMA PAUPERIS***

I, _____, *(print or type your name)* am the plaintiff/petitioner in the above entitled case and I hereby request to proceed *in forma pauperis* and without being required to prepay fees or costs or give security. I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor, and that I believe I am entitled to redress.

1. If you are presently employed:
    a) give the name and address of your employer
    b) state the amount of your earnings per month

   _____

   _____

2. If you are NOT PRESENTLY EMPLOYED:
    a) state the date of start and termination of your last employment
    b) state your earnings per month
   YOU MUST ANSWER THIS QUESTION EVEN IF YOU ARE INCARCERATED.

   _____

3. Have you received, within the past twelve months, any money from any source? If so, name the source and the amount of money you received.

   _____

   a) Are you receiving any public benefits?       ☐ No.     ☐ Yes, $_____.

   b) Do you receive any income from any other source?   ☐ No.   ☐ Yes, $_____.

*Rev. 05/2007*                                                    *1*

4. Do you have any money, including any money in a checking or savings account? If so, how much?

   ☐ No.      ☐ Yes, $_____.

5. Do you own any apartment, house, or building, stock, bonds, notes, automobiles or other property? If the answer is yes, describe the property and state its approximate value.

   ☐ No.      ☐ Yes, $_____.

6. Do you pay for rent or for a mortgage? If so, how much each month?

   ☐ No.      ☐ Yes, _____.

7. List the person(s) that you pay money to support and the amount you pay each month.

   _____

   _____

8. State any special financial circumstances which the Court should consider.

   _____

   _____

   _____

I understand that the Court shall dismiss this case if I give a false answer to any questions in this declaration.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this _____ day of _____, _____.
            *date*              *month*          *year*

                                          _____
                                                  *Signature*

*Rev. 05/2007*                    2