**United States District Court**
**Southern District of New York**
_____

**ABDUL RAUF,**                                    **11 Civ. 7755 (JGK)**
                        **Petitioner,**
                                                   <u>**MEMORANDUM OPINION AND**</u>
        **- against -**                                       <u>**ORDER**</u>

**CHRISTOPHER SHANAHAN, ET AL.,**
                        **Respondents.**
_____

**JOHN G. KOELTL, District Judge:**

 On April 27, 2012, the Government requested that the petitioner's petition be dismissed as moot because he is no longer in custody.  The Government represented that in April the petitioner's case had been reviewed by ICE, and that ICE had subsequently determined that the petitioner should be released.  <u>See</u> Letter dated April 27, 2012, <u>Rauf v. Shanahan</u>, No. 11 Civ. 7775, Docket No. 17 (S.D.N.Y. Apr. 30, 2012).  The Government represented that the petitioner had in fact been released from detention.  <u>Id.</u>  The Government's letter was copied to the petitioner at an address in Brooklyn.  <u>Id.</u>

 The Court requested that the petitioner respond to the Government's request by May 11, 2012, and the petitioner has not responded.  <u>Id.</u>

 When a habeas petitioner challenges only the lawfulness of his or her detention, and the petitioner is subsequently released from detention, the petition is rendered moot and

should be dismissed. See Baptiste v. Immigration and Naturalization Service, No. 06 Civ. 0615, 2006 WL 3050884, at *1 (E.D.N.Y. Oct. 23, 2006) (collecting cases); see also Edwards v. Ashcroft, 126 F. App'x 4, 4-5 (2d Cir. 2005) (summary order). The petitioner's petition in this case seeks only a declaration that he is eligible to be released from detention, and an order directing that he be released from detention. See Petition for a Writ of Habeas Corpus, Rauf v. Shanahan, No. 11 Civ. 7775, Docket No. 1 (S.D.N.Y. Oct. 28, 2011), at 13. The petitioner has not alleged that he "suffers from any 'collateral consequences' of detention," and the petition does not indicate that any such collateral consequences exist or are being challenged. Baptiste, 2006 WL 3050884, at *2. It therefore appears that the petition is now moot.

Accordingly, the petition is **dismissed without prejudice as moot**.

The Clerk is directed to close this case and any pending motions. The Clerk is also directed to send a copy of this Order to the petitioner at the following address: 861 48th Street, Apt. 1B, Brooklyn, New York 11220.

SO ORDERED.

Dated:   New York, New York
         May 18, 2012

                                         _____
                                         John G. Koeltl
                                         United States District Judge